IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-cv-308-MHT |
| ) | |
| SECRETARY OF THE UNITED ) | |
| STATES OF DEPARTMENT OF ) | |
| H.U.D., et al., ) | |
| ) | |
| Defendants. ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-cv-397-MHT |
| ) | |
| SECRETARY OF THE UNITED ) | |
| STATES OF DEPARTMENT OF ) | |
| H.U.D., et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending before the Court on Defendants' Motions to Dismiss (Docs. 32 and 47).   Pursuant to 28 U.S.C. § 636(b) (1) this case was referred to the undersigned

1

United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters.   (Doc. 3).

## I. INTRODUCTION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on May 7, 2015.   Plaintiff named as Defendants Julian Castro, Secretary of the United States Department of Housing and Urban Development ("HUD")[1], James H. Anderson, Montgomery County Circuit Judge, each in his individual and official capacity and the State of Alabama.   The state court orders demonstrate that an order of eviction was entered against Plaintiff by the Montgomery County Circuit Court in the lawsuit styled *Secretary of the United States Department of HUD v. Cole, et. al,* CV-2013-90-1757. (Doc. 48 Exs. 1-4).   In the Complaint, as amended, Plaintiff alleges that Defendants violated his constitutional rights when Judge Anderson entered a final order on September 9, 2014, and as a result Plaintiff's "property was removed, lost, and damaged due to improper proceedings/orders."   (Doc. 48 p.1).   The Complaint seeks money damages and injunctive relief.   (Doc. 48 p. 2).

---

[1] Plaintiff also names Elizabeth Padgett as a defendant, in her individual capacity. The docket reflects that she has not been served; and therefore, she is not a defendant in this matter. Further, Counsel for Julian Castro represents to this Court that Padgett was not employed by HUD and was not a federal employee. (Doc. 42 at p. 2).  The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) citing *American Mfrs. Mut. Ins. Co v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).   Thus, Padgett, a private actor, would be dismissed on that basis, if she were properly served.

On February 9, 2016, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis*. (Doc. 20). In *forma pauperis* proceedings are governed by 28 U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C.§ 1915(e)(2)(B).

Further pending before the Court are Defendants' Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure based upon the Court's lack of jurisdiction and Plaintiff's "failure to state a claim upon which relief can be granted." (Docs. 32 and 48).   The law is well settled; "[a] Rule 12(b)(6) motion tests the legal sufficiency of the complaint. . . .[I]n order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Coggins v. Abbett,* 2008 WL 2476759 *4 citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955) (2007).   With these standards in mind, the Court will address Defendants' Motions to Dismiss.

## II. DISCUSSION AND ANALYSIS

Initially, the Court must address whether it has subject matter jurisdiction over Plaintiff's claims.  *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (Citations omitted).   As Plaintiff proceeds *pro se*, the court will liberally

3

construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Plaintiff alleges a violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[2] Plaintiff brings his due process claims pursuant to §1983; therefore, he arguably invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[3]

The Due Process Clause of the Fourteenth Amendment prohibits a ***state*** from depriving a person of "life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV § 1 (emphasis added). Additionally, claims brought under 42 U.S.C. § 1983 for violations of Fourteenth Amendment rights must be asserted against ***state*** actors. *Sullivan,* 526 U.S. at 50. (Emphasis added). However, the Supreme Court has held that the Eleventh Amendment to the U.S. Constitution makes an unconsenting[4] state immune

---

[2] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[3] Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

[4] Further, the Alabama Constitution bars any waiver of immunity granted to it by the Eleventh

from lawsuits brought by the state's own citizens. *Carr v. City of Florence,* 916 F. 2d 1521, 1524-25 (11th Cir. 1990) citing *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L. Ed. 842 (1890). Accordingly, Plaintiff's claims against the State of Alabama are due to be dismissed.

Plaintiff also brings suit against a state court judge and the Secretary of HUD alleging violations of his due process rights resulting from eviction proceedings which followed the state court's order granting summary judgment to HUD against Plaintiff on a complaint for ejectment. (Def. Ex. 1, Sept. 24, 2014, Court Order; Def. Ex. 2 Ejectment Complaint; Def. Ex.3, Summary Judgment Motion.) Defendants argue that the *Rooker-Feldman* doctrine mandates dismissal of this action. The Court agrees.

Indeed, the *Rooker-Feldman* doctrine precludes federal courts – other than the United States Supreme Court – from reviewing final judgments of state courts. *Mickens v. Tenth Judicial Circuit,* 458 Fed. Appx. 839, 840-41 (11th Cir. 2012)(Applying the *Rooker-Feldman* doctrine, the Court affirmed dismissal of suit brought challenging state court action on foreclosure on Plaintiff property owner's residence because "the state court judgments formed the basis of or were intertwined with the injuries" complained of in the complaint). Stated a different way, *Rooker-Feldman*, "bars lower federal-court jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

---

Amendment. *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978).

district court review and rejection of those judgments.'" *Id*. (Citations omitted.) Thus, the Court concludes that Plaintiff, as a "state-court loser" in the state court ejectment action, which resulted in his eviction from a foreclosed single family HUD owned home[5] and the related removal or loss of his personal property by the Montgomery County Sheriff's Department, is precluded by the *Rooker-Feldman* doctrine from pursuing this 1983 action. Even though the Court concludes that the *Rooker-Feldman* doctrine mandates dismissal of this action, for the sake of thoroughness, the Court will consider Defendants' arguments that the doctrines of immunity also require dismissal.

Plaintiff brings this action against Judge James H. Anderson in both his official and individual capacities and for both monetary relief and injunctive damages. The law is clear that judicial defendants are absolutely immune from suits for money damages arising from acts performed in their judicial capacity. *Mireles v. Waco,* 502 U.S. 9 (1991). (Citations omitted). As the Supreme Court stated in *Mireles* "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from the ultimate assessment of damages." However, the *Mireles* court identified two sets of circumstances where the immunity is abrogated.

> "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction."

---

5 The state court records indicate and defendants represent that Plaintiff had not ownership interest in the property but merely resided there.

*Id.* at 11. (Citations omitted).   As a matter of fact, neither of these circumstances applies in the instant action.   First, at the time of the September 24, 2014 judicial order, Judge James H. Anderson was a sitting judge in the Circuit Court of Montgomery County. Thus, Judge Anderson had jurisdiction over the ejectment action filed in his court. Second, the act of issuing rulings on properly filed motions to dismiss or for summary judgment in a case where a judge has jurisdiction is clearly an act within the "judge's judicial capacity." *Id;* (Doc. 48-1).   Thus, the Court concludes that Judge Anderson is immune from suit.   Accordingly, because there is no viable cause of action against Judge Anderson, the complaint against him is due to be dismissed.

The plaintiff brings this action against Defendant Castro, as Secretary of HUD, in both his official and individual capacities.   The law is clear that sovereign immunity bars a suit against Castro in his official capacity. Indeed, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."   *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). Plaintiff cites to both 42 U.S.C. § 1983 and 42 U.S.C. § 3532, neither of which waive sovereign immunity.   Accordingly, Plaintiff's claims against Defendant Castro in his official capacity are due to be dismissed.

With respect to Plaintiff's claims brought against Defendant Castro in his individual capacity the law is clear that "to establish personal liability in a § 1983 action, it is enough

7

to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky,* 473 U.S. at 166.   However, the Court need not reach the question of whether Plaintiff states a claim against Castro in his individual capacity for two reasons. First, as the Court has previously determined, the doctrine of *Rooker-Feldman* mandates that this Court leave undisturbed the state court final order granting summary judgment on the ejectment action which forced Plaintiff's eviction from the HUD property.   Second, the Court lacks personal jurisdiction over Defendant Castro in his individual capacity because Plaintiff failed to perfect service on him personally. *See Reeves v. Wilbanks*, 542 Fed. Appx. 742, 747 (11th Cir. 1993)(Federal Rule of Civil Procedure 4 generally requires that "a government employee sued in his *individual capacity* must be *personally* served."). (Emphasis added.).    It is undisputed that Plaintiff failed to serve Defendant Castro personally.   Rather, the Court's docket shows that the complaint, as amended, was served on "Brittany G." on March 22, 2016.   (Doc. 40).   Accordingly, the Court concludes that the motions to dismiss are due to be granted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motions to Dismiss (Docs. 32 and 47) should be GRANTED and that all other pending motions should be DENIED as Moot.

It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **February 16, 2017.**   Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 2nd day of February 2017.

\s\Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE